IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAQUILLE RASHAD JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-035 |
| | ) | |
| AUGUSTA STATE MEDICAL PRISON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Hays State Prison ("HSP") in Trion, Georgia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff's Fifth Amended Complaint names as Defendants: (1) ASMP, (2) Counselor LaQuenah Jackson ("L. Jackson"), (3) Officer Audwon Green, (4) Deputy Warden of Security Michael Paschal, (5) Officer Screws, and (6) Warden Edward Philbin. (Doc. no. 25, pp. 1-4.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 23, 2021, while housed at ASMP, Defendant Green assaulted Plaintiff by repeatedly punching him in the face. (Id. at 6.) Defendant Screws watched the altercation occur and did not stop Defendant Green. (Id.) Five days later, nurses examined Plaintiff and said he had a swollen jaw, but they did not take X-rays. (Id.) Later that day, Defendant Paschal escorted Plaintiff back to his cell after Plaintiff wrote a complaint about the altercation, as required by Defendant Warden Philbin. (Id.) Defendant Paschal asked, "You know what's gone happen to you if you keep pursuing this don't you?" (Id. at 7.) Plaintiff responded, "What?" and Defendant Paschal said, "Death." (Id.)

On March 14, 2022, Defendant Paschal told Plaintiff to "pull [his] pants up before [he] hangs [him] with them." (Id.) On May 20, 2022, Defendant L. Jackson brought Plaintiff a memorandum authored by the Criminal Investigations Unit concerning the assault by Defendant Green, but she refused Plaintiff's request for a copy. (Id.) On May 31, 2022, unidentified officials removed Plaintiff from his vegan diet without his consent. (Id.) Plaintiff was placed back on his vegan diet after being transferred to Johnson State Prison in June 2022. (Id.)

On July 12, 2023, while Plaintiff was working as a hallway orderly in the A-building, Defendant L. Jackson told Plaintiff to go inside, and when Plaintiff refused, she removed him from the work detail. (Id.) Defendant L. Jackson issued a disciplinary report concerning Plaintiff's refusal because she had "evil intentions of punishing [Plaintiff] by removing [him] from [his] detail because she was a defendant in [his] current civil suit." (Id.) Plaintiff submitted a grievance against Defendant L. Jackson the next day. (Id.) A few hours later,

unspecified officers took Plaintiff to segregation and served him with the disciplinary report. (Id. at 7-8.)

Based upon "information and belief" from another unnamed officer, Plaintiff suspects Defendant L. Jackson approached another inmate to place a "hit" on Plaintiff. (Id. at 8.) On July 25, 2023, Plaintiff was transferred to Hays State Prison. (Id.) After being housed in general population for two weeks, Plaintiff attempted suicide because he was paranoid about the "hit" on him. (Id.) Plaintiff was placed in segregation and again attempted suicide on August 22, 2023. (Id.) Plaintiff was placed on suicide watch for nine days and later prescribed mental health medication. (Id.) Plaintiff requests compensatory, punitive, and nominal damages. (Id. at 6.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2.  **The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed only one prior federal case: Jenkins v. Newton Cnty. Sherriff Office, et al., No. 1:21-CV-2086 (N.D. Ga. Sept. 21, 2021). (Doc. no. 25, pp. 12-14.) However, the Court is aware Plaintiff previously had another case pending in federal court that he filed just two years ago: Jenkins v. Newton Cnty. Sheriff Office, et al., No. 1:21-CV-0834 (N.D. Ga. June 10, 2021). Plaintiff commenced

4

this case before filing his original and fifth amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original

5

complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior case discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[1]  Moreover, several of Plaintiff's claims are obviously deficient and should not survive screening.

---

[1] Plaintiff's claims in the instant case allege issues with multiple Defendants dating back to December 2021. (Doc. no. 25.)  Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so.  See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

### 3. Plaintiff Fails to State a Claim Against Defendant A. Jackson

As the Court previously explained, the Fifth Amended Complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named Counselor A. Jackson as a Defendant. (See doc. no. 1.) The Fifth Amended Complaint, however, no longer names Counselor A. Jackson and does not connect this Defendant to any purported constitutional violation. (See generally doc. no. 25.) Dismissal is therefore appropriate.

### 4. Plaintiff Fails to State a Valid Retaliation Claim against Defendant L. Jackson

Plaintiff asserts Defendant L. Jackson tried to remove him from his work detail and wrote him a disciplinary report for his failure to follow instructions. (Doc. no. 25, pp. 6-8.) Plaintiff filed a grievance against her for this alleged "harassment," and several hours later he was placed in segregation and served with the report. (Id.) Plaintiff contends Defendant L. Jackson retaliated against him for naming her in this pending suit and writing the grievance. (Id.) Plaintiff also asserts that "upon information and belief," Defendant L. Jackson placed a "hit" on him. (Id. at 8.)

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting

7

Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Plaintiff fails to state a viable retaliation claim as he fails to satisfy elements two and three. For the second element, the mere filing of a disciplinary report for an incident when Plaintiff admits he refused to follow valid officer instructions is not the type of action that would likely deter a person of ordinary firmness from exercising his rights. Indeed, the next day, Plaintiff submitted his grievance, and he never asserts that he was deterred from doing so. Nor does the mere removal of Plaintiff from a work detail is the type of action that would likely deter a reasonable person. While Plaintiff suspects Defendant L. Jackson maintains an improper motive for removing him from his work detail and writing the report, Plaintiff alleges no facts to support this speculation. Equally unsupported is Plaintiff's assertion Defendant L. Jackson allegedly placed a hit on him. Overall, Plaintiff's claims of retaliation are entirely conclusory without any factual support and do not raise his allegation of retaliation beyond a speculative

8

level.  See Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*) (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above speculative level) (citing Iqbal, 556 U.S. at 680).  Thus, Plaintiff fails to state a valid retaliation claim against Defendant L. Jackson.

### 5. Plaintiff Does Not State a Claim Based on Supervisory Liability against Defendant Philbin

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold a defendant liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff names Defendant Philbin not because of his direct involvement in any events about which he complains, but by virtue of his supervisory position at ASMP.  (Doc.

no. 25, pp. 6-8.)  Plaintiff merely alleges Defendant Philbin was responsible for the operation of ASMP and failed to correct the alleged misconduct of various Defendants.  (Id.)

Plaintiff must allege a causal connection between Defendant Philbin and an asserted constitutional violation but fails to do so.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  Plaintiff has not alleged a history of relevant widespread abuse or a relevant and improper custom or policy.

Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at ASMP, (2) an improper custom or policy put in place by Defendant, or (3) an inference this supervisory Defendant directed prison employees to act, or knew they would act, unlawfully.  In sum, Plaintiff has not shown Defendant Philbin participated in any alleged constitutional violation, nor has he drawn the necessary causal connection to an alleged

10

constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted based on Defendant Philbin's supervisory position.

### 6. Augusta State Medical Prison is Not a Proper Party in § 1983 Claims

Plaintiff fails to state a claim against ASMP because prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not an entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff's claim against ASMP should be dismissed for failure to state a claim.

### 7. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing all Defendants in their individual and official capacities. (Doc. no. 25, pp. 3-4.) However, the Eleventh Amendment bars official capacity claims against state officials for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted against Defendants ASMP, A. Jackson, L. Jackson, and Philbin, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 30th day of October, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA